# Third District Court of Appeal

## State of Florida

Opinion filed November 18, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-992
Lower Tribunal No. 08-41705
_____

**Tommie McClenney, Jr.,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Tommie McClenney, Jr., in proper person.

Ashley Moody, Attorney General, and Jennifer A. Davis, Assistant Attorney General, for respondent.

Before EMAS, C.J., and FERNANDEZ and HENDON, JJ.

EMAS, C.J.

Tommie McClenney, Jr. has filed a petition for writ of habeas corpus, alleging ineffective assistance of his appellate counsel. We dismiss the petition as it is 1) untimely, having been filed on June 15, 2020, more than two years after his judgment and sentence became final on direct appeal, see Fla. R. App. P. 9.141(d)(5);[1] and 2) procedurally barred, McClenney having previously petitioned this court for a writ of habeas corpus alleging ineffective assistance of counsel, which petition was denied by this court in McClenney v. State, 257 So. 3d 1002 (Fla. 3d DCA 2018). See Johnson v. Singletary, 647 So. 2d 106, 109 (Fla. 1994) (holding: "Successive habeas

---

[1] That rule provides, in pertinent part:

> *Time Limits*. A petition alleging ineffective assistance of appellate counsel on direct review shall not be filed more than 2 years after the judgment and sentence become final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel. In no case shall a petition alleging ineffective assistance of appellate counsel on direct review be filed more than 4 years after the judgment and sentence become final on direct review.

We have extended McClenney the benefit of treating his initial letter to this Court (sent by McClenney from jail and dated June 15, 2020) as the date on which the petition was filed, even though he did not mail the actual petition to this court until twenty-one days later. Even with this benefit extended, the letter was filed more than two years after his judgment and sentence became final on direct appeal. Further, given that McClenney filed a prior habeas corpus petition with this Court in 2018, he cannot attempt to seek belated consideration beyond the two-year deadline by alleging "under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel." Id. See also Melara v. State, 997 So. 2d 1135 (Fla. 3d DCA 2008).

2

corpus petitions seeking the same relief are not permitted nor can new claims be raised in a second petition when the circumstances upon which they are based were known or should have been known at the time the prior petition was filed.")

Dismissed.